424

**UNITED STATES v. HARTFORD–
EMPIRE CO. et al.**

**No. 4426 Civ.**

District Court, N. D. Ohio, W. D.

Oct. 18, 1940.

E. W. McCallister, of Pittsburgh, Pa., for Ball Brothers.

John Lord O'Brian, of Buffalo, N. Y., for Corning Glass Works and Empire Machine Co.

Stuart S. Wall, of Toledo, Ohio, and Thomas G. Haight, of Jersey City, N. J., for Hartford-Empire Co.

Lehr Fess, of Toledo, Ohio, and Albert Diven, of Anderson, Ind., for Lynch Corporation.

Lloyd T. Williams and Henry A. Middleton, both of Toledo, Ohio, for Owens-Illinois Glass Co.

Earl Foster, of Oklahoma City, Okl., for Liberty Glass Co.

Samuel S. Isseks and Lawrence S. Apsey, Sp. Assts. to Atty. Gen., Seymour D. Lewis and Victor H. Kramer, both of Washington, D. C., and John E. McCracken, of New York City, Sp. U. S. Attys., and Emerich B. Freed, U. S. Atty., and Jerome N. Curtis, Asst. U. S. Atty., both of Cleveland, Ohio, for the United States.

KLOEB, District Judge (Orally).

Let us take up these motions in order. First, there is the motion filed by Corning Glass Works and the Empire Machine Company et al., in connection with the supplemental answer of these defendants, leave for the filing of the supplemental answer having been granted at the session here last Tuesday, October 15. The supplemental answer is accompanied by what is termed a "consent decree," to which the court is asked to give its approval.

The court has been a little disturbed at recent sessions with respect to the manner in which counsel have referred to stipulations and consent decrees. The court desires to quote a paragraph to emphasize what he believes to be elementary, and which contains a definition with which all counsel are thoroughly acquainted. This paragraph is found in 12 Corpus Juris, page 520, and reads as follows:

"Consent Decree. *An agreement of the parties* under the sanction of the court, interpreted as an agreement. A consent decree is not, in a strictly legal sense, a judicial sentence; but is in the nature of a solemn contract, and is in effect *an admission by the parties* that the decree is a just determination of their rights upon the real facts of the case, had such been proved. Such a decree is so binding as to be absolutely conclusive upon the consenting parties, and it can neither be amended or in any way varied without a like consent, nor can it be reheard, appealed from, or reviewed upon a writ of error, and the one only way in which it can be attacked, or impeached, is by an original bill alleging fraud in securing the consent." (Italics added.)

This is quoted because all of these motions contain so-called "consent" decrees. A consent decree, as the court views it, is an agreement between the contending parties in the case, such agreement meeting with the approval of the court. That, of course, cannot be appealed from. Since the Government has not and will not consent to these decrees, they cannot properly be termed consent decrees, and the court cannot force a consent decree upon one of the parties. That, indeed, would be an anomalous situation.

The supplemental answer referred to previously, after reciting that certain agreements have been cancelled, continues with paragraph 3 as follows:

"Defendant Corning Glass Works now has no exclusive license under any Hartford-Empire patents, or machines covered by Hartford-Empire patents, in the field of glass bulbs, heat-resisting ware, or in any other field referred to in the complaint. Such cancellation has removed all restrictions upon patents or machines of Hartford-Empire Company imposed by or resulting from the provisions of any license granted by either Hartford-Fairmont Company or Hartford-Empire Company to defendants Corning Glass Works or Empire Machine Company, and has removed all rights of preference, priority and exclusive fields granted said last mentioned defendants thereunder. Defendant Corning Glass Works now has no preferential position over any other licensee or lessee of the patents or machinery of Hartford-Empire Company in respect to rates of royalties or terms of leasing or licensing."

The statement in this supplemental answer that the cancellation of certain agreements has removed all restrictions, has removed all rights of preference, priority and exclusive fields, and that it now has no preferential position over any other licensee or lessee, is the mere statement of Corning. No reply has been filed to this supplemental answer and, hence, under the Rules of Civil Procedure, the statement just quoted stands contested. It is in issue. Can the court assume that it is an admitted statement of fact when it is controverted? Can the court assume that it is the fact and, based upon that as the fact, proceed with a proposal which is termed a consent decree?

The consent decree states in just two paragraphs what it proposes that the court shall do:

"II. The defendants, Corning Glass Works and Empire Machine Company and their successors, officers, directors, employees, and agents, and each of them, are hereby perpetually enjoined and restrained from monopolizing, attempting to monopolize, combining or conspiring to monopolize, or contracting or combining or conspiring to restrain trade or commerce in violation of Sections 1 and 2 of the Sherman Act or Section 3 of the Clayton Act, and in particular with respect to,—

"(a) The manufacture and distribution of heat-resisting glassware,

"(b) The manufacture and distribution of glass containers, * * *"

and so forth, through paragraph (h).

Then in paragraph III: "Each of said defendants is further perpetually enjoined and restrained from dominating or controlling or attempting to dominate or control the management of Hartford-Empire Company, and from controlling or attempting to control the policies of that company concerning the licensing by Hartford-Empire of other manufacturers of glassware machinery and glassware."

The court cannot pre-judge. He does not know what the testimony will disclose. He cannot anticipate facts of his own will and motion. Assuming that the injunction contained in the two paragraphs just read would be all that might be deemed necessary after the facts have been submitted, is the court actually now in a position to so determine and pre-judge? And if the court did enter a decree of this character, certainly the opposing side is not precluded from taking its appeal. If an appeal is taken, what then is the situation? The reviewing court has before it no more than the trial court had before it. It is not even a record. It would have before it a conclusion of this court based upon no recitation of facts. It would have no record containing any facts upon which to determine whether or not the conclusions arrived at by the trial court were correct, proper and sufficient. I am of the opinion that an impossible situation would be reached by sustaining and signing such a proposed decree in anticipation of what the facts may be.

Moreover, and this applies to all of these motions, the complaint charges a conspiracy. The complaint enumerates acts and things alleged to have been done by various defendant corporations and in-

dividuals. In a conspiracy action, a conspirator may come and go. He may be bound by something that one conspirator says or does even though he may not know that that conspirator has said or done the thing that he has said or done. In such an alleged conspiracy, the court feels that to permit a limb to be chopped off of the tree in anticipation and in pre-judgment of the testimony, would be depriving the trunk of its limbs; would be depriving the complainant of its means whereby it may effectively prove the contentions of its complaint. The court feels that interfering with such a structure by permitting the limbs to be chopped off in this manner would be improper.

This motion is, therefore, overruled.

▮ The motion of the Hartford-Empire Company presents an order upon pretrial conferences, and seems to rely on Rule 16 of the Rules of Civil Procedure. Rule 16 reads in part as follows:

"In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider * * *

"(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof."

And then in the final paragraph: "The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the *agreements* made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by *admissions or agreements* of counsel * * *." (Italics added.)

The order presented by Hartford-Empire Company contains the following paragraph: "Pre-trial conferences having been held in this cause on June 21, 1940, September 20, 1940; and October 11, 1940, at which the defendant Hartford-Empire made certain *concessions and undertakings.* * * *" Nowhere is there any suggestion that any agreements have been made, or that any stipulations have been concluded. It refers merely to "concessions and undertakings."

The order then continues: "It is ordered, in accordance with Rule 16 of the Rules of Civil Procedure, that the issues for trial in this cause, so far as concerns the defendant Hartford-Empire Company, shall be the following issues only * * *." Then follows the three issues to which it believes the concessions and undertakings of these

defendants have narrowed the case. In connection with this order is filed a proposed consent decree relating to part of the issues. The court has the same comment to make with respect to this proposed decree as was made to the proposed decree of *Corning Glass Works*—it is not a consent decree but is a proposal to the court by which the court must pre-judge and create a record without facts for, perchance, a reviewing court to peruse.

This motion must be overruled.

The court will treat the motions of Owens-Illinois Glass Company, Ball Brothers, Lynch Corporation, and Liberty Glass Company as one, because substantially the same relief is asked in all.

▮ The Owens-Illinois motion presents a form of decree, containing the following language: "Now come the defendants Owens-Illinois Glass Company and the various individuals, and moves the court for judgment in these proceedings in the form of the decree hereto attached, to the entering of which decree said defendants hereby consent." Here again the decree is termed a consent decree although the complainant does not consent thereto. Suppose, however, that it is treated as a motion for summary judgment. Paragraph (b) of Rule 56 of the Rules of Civil Procedure, referring to summary judgments, reads as follows: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment *in his favor* as to all or any part thereof." The motions here in question do not ask for a summary judgment in favor of the movant; they ask for judgments which, if anything, are in favor of the complainant. Hence they cannot be considered as motions for summary judgments within the rule that authorizes a motion for a summary judgment by a defendant to a suit.

▮ In addition, the proposed decrees would have the court, "being of the opinion and finding that there is no genuine issue as to any material fact involving, or with respect to, said defendants to be adjudicated by this Court if this decree is entered," order, adjudge and decree as therein proposed. Is the court in any position to find that there is no genuine issue as to any material fact?

On page 98 of the complaint, paragraph 18 of the prayer for relief, is found the

usual shotgun provision, or residuary clause, if you may call it that, that each complaint in equity invariably contains. After asking for certain specific forms of relief, the prayer of the complaint concludes with paragraph 18 which reads as follows: "That plaintiff have such other further general and different relief as the nature of the case may require, and the court may deem proper in the premises." The court does not now know and cannot pre-judge what the testimony in this case will disclose; therefore, he cannot anticipate what form of relief he would deem to be wise, expedient, and necessary to be entered into a decree, if it be found that some or all or substantially all of the allegations of the complaint are sustained. Hence the court cannot now say that the proposed decrees would satisfy everything requested in the prayer. The court cannot now say he is of the opinion that there is no genuine issue as to any material fact involved or with respect to said defendants to be adjudicated by this court if this decree is entered, and that the motion of the defendants for the entry of said decree should be sustained.

Reference is made again at this point to the fact that this is a conspiracy case. The proposed decree of defendant Owens-Illinois Glass Company contains the following at page 7, paragraph 3: "The said defendants * * * are hereby dismissed from this case and are not to be considered as defendants in any further proceedings or trial herein." A similar provision is found in the other proposed decrees. If the court were to enter these proposed decrees, these defendants would be dismissed entirely from any further proceedings or trial in this case and the complainant may be deprived of necessary proof of a conspiracy. The court, as stated previously, does not believe that he has the right or authority, in a conspiracy case, to chop limbs off the tree in anticipation of what he thinks the testimony may be or may fail to be, leaving the cambian layer under the bark of the trunk so that the life of the tree may continue to flow under the bark, without the supporting limbs. The court believes that the conspiracy tree set up by the complainant in its complaint should stand intact at this time and remain so until the court has heard testimony, such testimony as to enable the court to determine whether one or more of the defendants ought to be dismissed, whether some sort of decree ought

to be entered in support of a portion or all of the complaint or that the entire complaint ought to be dismissed. Until the record contains facts upon which conclusions may be based, the court feels that he would do wrong and commit error to anticipate facts and approve one or all of the proposed decrees at this time.

Therefore, these four motions will be overruled.